FLORES v. FLORES et al.   (No. 5975.)

(Court of Civil Appeals of Texas.   San Antonio.   Feb. 13, 1918.)

1. APPEAL AND ERROR ☞742(1) — ASSIGNMENTS OF ERROR—NECESSITY OF PROPOSITIONS.

Assignments of error which are not followed by propositions, and which are not susceptible of being considered propositions in themselves, will not be considered.

2. CANCELLATION OF INSTRUMENTS ☞38 — PLEA FOR RESCISSION—SUFFICIENCY.

In a suit in which plaintiffs, husband and wife, sought specific performance of a compromise agreement, whereby defendant agreed to deed the wife 2,800 acres of land, an answer admitting that defendant had tendered a deed conveying only a life estate, and had refused to execute a quitclaim deed, and alleging that such quitclaim deed was never contemplated in making such contract, in that it was intended by defendant, and had always been his intention, to allow the wife the full use of whatever land she might be entitled to under a will, and that he was still willing to carry out the intent of such will as well as the contract, was not a plea for rescission of the contract on the ground of fraud, mutual mistake, or mistake of defendant, accompanied by inequitable conduct of plaintiffs, but simply a plea that the contract did not express defendant's intention.

3. SPECIFIC PERFORMANCE ☞117—PLEADING—EVIDENCE ADMISSIBLE UNDER PLEADINGS.

In a suit in which plaintiffs sought specific performance of a compromise agreement, whereby defendant agreed to give one plaintiff a deed to 2,800 acres of the land devised to him, and such plaintiff by a will providing that if either of the beneficiaries should die without issue the whole of the estate should go to the survivor or his or her issue, and whereby such plaintiff agreed to accept such land in full satisfaction of all claims, and to release and quitclaim to defendant all right and title to the balance of the land, the answer admitted that defendant had tendered such plaintiff a deed conveying only a life interest, and had refused to execute a quitclaim deed for the reason that such deed was never contemplated in their contract in that it was intended by defendant, and had always been his intention, to allow such plaintiff the full use of whatever land she might be entitled to under the will. *Held*, that this pleading was wholly insufficient to authorize proof of an intention other than that deducible from the language of the instrument, as it was not alleged that the language used was ambiguous and intended to

express an agreement actually made for the conveyance of a life estate, and there was no allegation that the word "deed" was used as meaning "convey a life estate," and that such meaning should be given it in order to carry out the intention of the parties.

4. WILLS ☞740(4) — CONTRACT BETWEEN DEVISEES — CONSTRUCTION — ESTATE TO BE CONVEYED—"TO DEED LAND."

The only reasonable construction of which the instrument was susceptible was that defendant agreed to convey to such plaintiff such estate as he had in the 2,800 acres, and that she agreed to convey to him all the balance of the land, and thereunder such plaintiff was entitled to the fee-simple estate in the 2,800 acres, especially as, in ordinary language, the term "to deed land" means to convey in fee simple, and also in view of the statute providing that an instrument conveying land transfers a fee-simple estate, unless a less estate is limited by express words.

5. EVIDENCE ☞461(4)—PAROL EVIDENCE TO VARY WRITING—INTENTION OF PARTIES.

In the absence of fraud or mistake sufficient to cancel the instrument or an intention by both parties that the words of the instrument should express a meaning different from their ordinary meaning, defendant was bound by the intention derived by giving the language its common and ordinary meaning, and evidence that defendant's real intention was not expressed in the agreement which he signed was not admissible.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by Eulalia Dominguez De Flores and husband against Filimon Flores. From a judgment for plaintiffs, defendant appeals. Affirmed.

Greer & Hamilton, of Laredo, for appellant. A. Winslow and Paul W. Evans, both of Laredo, for appellees.

MOURSUND, J. Eulalia Dominguez De Flores, joined by her husband, Federico Flores, sued Filimon Flores for the partition of several tracts of land, which had been owned by Estanislado Flores and his wife, Leonarda Benavides Cuellar, foster parents of plaintiff and defendant. The record discloses that Estanislado Flores left a will bequeathing to his wife all of his property, "to have and to hold during her natural life, and at her death to be equally divided between Filimon Flores and Eulalia Dominguez," and providing further, "In case either of the beneficiaries should die without issue, then the whole of the estate shall go to the survivor or his or her issue." His wife, by a will executed many years later bequeathed all of her real estate to Filimon Flores. A controversy arose between the foster children with regard to their respective rights under the wills and the partition suit resulted in which Eulalia Dominguez De Flores claimed half of the lands. During the pendency of the suit the parties entered into the following agreement of compromise:

"This agreement made and entered into by and between Filimon Flores and Eulalia Dom-

---

inguez De Flores and husband, Federico Flores, witnesseth:

"All matters in controversy and in suit between said Filimon Flores and said Eulalia Dominguez De Flores and her husband are hereby settled as follows, to wit:

"First. Filimon Flores has paid and hereby pays to Eulalia Dominguez De Flores the sum of one hundred and ten dollars which is in full of all monetary claims or demands of every kind which said Eulalia Dominguez De Flores has against said Filimon Flores, and said Eulalia Dominguez De Flores accepts and receives said sum of one hundred and ten dollars in full satisfaction, as aforesaid; and it is agreed that neither party now owes the other any money for any claim whatsoever.

"Second. Filimon Flores agrees to give to Eulalia Dominguez De Flores a deed to two thousand eight hundred acres of the land involved in the suit filed by said Eulalia Dominguez De Flores and out of the Peredana Grant, which said 2,800 acres shall include La Leona water hole or tank, as soon as such acreage shall have been surveyed by a competent surveyor to be mutually selected, and that he, Filimon Flores, will pay one-half of the cost of such survey, and Eulalia Dominguez De Flores and husband, Federico Flores, will pay the other half of such cost.

"Third. Immediately after such survey a division fence shall be constructed, each of the parties hereto paying one-half of the cost of same.

"Fourth. Said Filimon Flores agrees that the cattle belonging to said Eulalia Dominguez De Flores in his possession may be separated and set apart to her by three disinterested persons to be selected and agreed upon by said Filimon Flores and said Eulalia Dominguez De Flores.

"Fifth. The costs of the suit filed by said Eulalia Dominguez De Flores and husband against said Filimon Flores shall be paid according to the proportions of the property involved owned by the respective parties; viz.: Three-fourths of such costs by Filimon Flores and one-fourth by Eulalia Dominguez De Flores.

"Sixth. The said Eulalia Dominguez De Flores accepts the above specified property in full satisfaction of any and all claims of every kind and character which she may have in the property involved in said suit, or against said Filimon Flores, and upon delivery of the deed to her of said 2,800 acres, she will absolutely release and quitclaim to said Filimon Flores any and all right, title and interest she may have in and to any and all of the balance of said land, and receipt said Filimon Flores in full for any and all claims of any kind and character she may have against him.

"Witness the hands of the parties hereto, at Zapata, Texas, this 8th day of July, A. D. 1916.

"[Signed]　Filimon Flores.
"[Signed]　Eulalia Dominguez De Flores.
"[Signed]　Federico Flores.
"Witnesses: [Signed] W. W. Winslow."

The agreement was carried out in all respects except for the exchange of the deeds therein provided for, and after the survey was made and fence built pursuant to the agreement, and possession of the 2,800 acres given to Eulalia De Flores, defendant tendered her a deed for the 2,800 acres, which conveyed only a life estate. She declined to accept such deed, and demanded a conveyance of the fee-simple title to such land, either by warranty or quitclaim deed. He refused to comply with this demand, whereupon plaintiffs amended their original petition so as to demand specific performance of such compromise agreement.

Paragraphs 5 and 6 of defendant's answer constitute all of his pleadings with regard to such agreement, and read as follows:

"Fifth. Specially answering to paragraph fifth of plaintiffs' second amended original petition, defendant admits that on or about the 8th day of July, A. D. 1916, that there was a contract in writing executed by and between the parties hereto, both relevant to matters raised by the pleading herein as well as other matters over which no suit had been filed, and that all such questions and claims as well as those arising herein were settled in said agreement; that the lands mentioned in part in plaintiffs' second amended original petition were partitioned between the plaintiff and defendant in the proportions alleged in said fifth paragraph, and in pursuance of said agreement to partition said lands defendant prepared a partition deed containing the field notes of the land agreed upon by the parties to be set aside for the use and benefit of plaintiff, a copy of which said partition deed is attached hereto as exhibit A, which said partition deed was refused both by plaintiff and her attorney.

"Sixth. Replying specially to plaintiffs' sixth paragraph in said second amended original petition, defendant admits so much thereof as describes the survey made, and that after defendant had offered his partition deed heretofore mentioned to plaintiff, that plaintiffs offered defendant their quitclaim deed to all the balance of the land in controversy, and that defendant refused to execute a quitclaim deed to the plaintiffs herein for the reason that same was never contemplated in their contract settling the matters in controversy between the parties hereto, in that it was intended by defendant and has always been his intention to allow plaintiff the full use of whatever land she may be entitled to under the last will and testament of Estanislado Flores heretofore mentioned, and defendant is still willing to carry out the intent of said last will and testament, as well as the contract heretofore signed by plaintiffs and defendant, and tenders said partition deed attached hereto as an exhibit for execution by the parties to this suit. Defendant denied that plaintiffs are entitled for more than the possession of the 2,800 acres mentioned in said petition during the lifetime of the said Eulalia Dominguez De Flores, and that such right of possession is limited to the life estate only of the said Eulalia Dominguez De Flores, and of this he puts himself upon the country."

The court rendered judgment in favor of plaintiffs for the 2,800 acres of land, reciting that the compromise agreement had been entered into, and that under its provisions plaintiffs were entitled to such land.

[1-5] Objection is made to the consideration of appellant's assignments of error on the ground that the same are not followed by propositions as required by the rules. As the assignments are not susceptible of being considered propositions in themselves, the objection must be sustained. However, the judgment is the only one which could have been legally rendered under the pleadings and the facts. Defendant's answer, in so far as it undertook to give a reason for not conveying to Mrs. Eulalia Flores the 2,800 acres of land, is to the effect that such a conveyance was never contemplated in their contract settling the matters in controversy in that it was intended by defendant and has always been his intention to allow plaintiff the full

use of whatever land she may be entitled to under the will of Estanislado Flores, and that defendant is still willing to carry out the intent of said will as well as the contract signed by plaintiffs and defendant. This does not constitute any plea for rescission of the contract on the ground of fraud, mutual mistake, or mistake of defendant accompanied by inequitable conduct of plaintiffs, but is simply a plea that the contract does not express the intention of defendant. It is not alleged that the language used in the contract is ambiguous, and that by such language it was intended to express an agreement actually made by the parties to the effect that defendant should convey Mrs. Flores a life estate in 2,800 acres. There was no allegation that the word "deed" was used in the sense of "convey a life estate," and that such a meaning should be given it in order to carry out the intention of the parties to the agreement. The pleading was wholly insufficient to authorize proof of an intention other than that deducible from the language of the instrument. An examination of the instrument shows that defendant agreed to "deed" Mrs. Flores 2,800 acres of land, and upon the delivery of such "deed" to her she would release and quitclaim to him any and all right, title, or interest she had in and to all of the balance of said land. If it had been intended that the title to the fee of the 2,800 acres should be determined by the wills, the instrument would not have constituted such a settlement as it purported to constitute. If it had been intended that Mrs. Flores should convey to defendant the fee in the 2,800 acres, such intention would have been expressed, as it was too important a matter to be overlooked. The only reasonable construction of which the instrument is susceptible is that· defendant agreed to convey to Mrs. Flores such estate as he had in the 2,800 acres, and she agreed to convey to him all the balance of the land. This construction is fortified by the fact that in ordinary language the term "to deed land" means to convey in fee simple, and by our statute which makes an instrument whereby land is conveyed transfer a fee-simple estate, unless a less estate is limited by express words. We believe the court was correct in holding that under the agreement Mrs. Flores was entitled to the fee-simple estate in the 2,800 acres of land. The testimony excluded by the court as shown by defendant's bill of exceptions could not have altered the construction of the instrument. It would not have shown that the parties agreed on a life estate and undertook to express that agreement by using the word "deed" in a limited or restricted sense, but would merely have shown that defendant's real intention was not expressed in the agreement which he signed. In the absence of fraud or mistake such as would be sufficient

to cancel the instrument, he is held to the intention derived by giving the language its common and ordinary meaning, unless he can show that both parties intended certain words to express a meaning different from the ordinary meaning. He was not asked, nor would he have answered, what conversation took place when the terms of the agreement were arrived at, but merely what he intended to give his sister.

We consider the language of the agreement so plain and unambiguous that no verbal testimony was admissible to explain the same. But, regardless of the correctness of our opinion on that point, as the pleading was insufficient to raise an issue of ambiguity, and in addition the testimony excluded, if admitted, would not have affected the construction of the instrument, and was immaterial in the absence of a plea of fraud or mistake, the judgment must be affirmed.